UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANN STEELE,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 3:17-cv-01923-LAB (RNB)<br><br>**REPORT AND RECOMMENDATION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 17, 18)** |

This Report and Recommendation is submitted to the Honorable Larry A. Burns, United States District Judge, pursuant to 28 U.S.C. § 636(b)(1) and Civil Local Rule 72.1(c) of the United States District Court for the Southern District of California.

On September 21, 2017, plaintiff Jo Ann Steele filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her applications for a period of disability and disability insurance benefits and for child's insurance benefits. (ECF No. 1.)

Now pending before the Court and ready for decision are the parties' cross-motions for summary judgment. For the reasons set forth herein, the Court **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED,** that the Commissioner's cross-

motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

## PROCEDURAL BACKGROUND

On December 26, 2013, plaintiff filed applications for a period of disability and disability insurance benefits and for child's insurance benefits under Title II of the Social Security Act, alleging disability beginning on July 9, 2009. (Certified Administrative Record ["AR"] 150-58.) After her applications were denied initially and upon reconsideration (AR 99-102, 109-13), plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). (AR 114.) Although informed of her right to representation, plaintiff chose to appear and testify without the assistance of an attorney or other representative at an administrative hearing held on March 3, 2016. Testimony also was taken from a vocational expert ("VE"). (AR 27-46.)

As reflected in his May 10, 2016 hearing decision, the ALJ concluded that plaintiff had not been under a disability within the meaning of the Social Security Act prior to attaining age 22 (for purposes of her application for child's insurance benefits), and through the date of his decision (for purposes of her application for a period of disability and disability insurance benefits). (AR 14-21.) The ALJ's decision became final on July 26, 2017, when the Appeals Council denied plaintiff's request for review. (AR 1-5.) This timely civil action followed.

## SUMMARY OF THE ALJ'S FINDINGS

In rendering his decision, the ALJ followed the Commissioner's five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since June 9, 2009, her alleged onset date. (AR 16.) The ALJ noted, however, that plaintiff had worked in a part-time capacity as a tax preparer at wage levels just under substantial gainful activity 20 hours/week throughout the entire period at issue. (*Id.*)

At step two, the ALJ found that plaintiff had the following severe impairments from the alleged onset date: low back pain/abdominal pain of an unknown etiology, obesity, chronic kidney disease/mild nephrotic syndrome, and headaches of an unknown etiology. (AR 17.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments. (AR 17.)

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) with occasional postural movements. (AR 17.)

At step four, the ALJ determined that plaintiff was not able to perform her past relevant work as a tax preparer. (AR 19.)

For purposes of his step five determination, the ALJ found that plaintiff's limitations had little to no effect on the occupational base of unskilled light work. (AR 20.) Accordingly, using the Commissioner's Medical-Vocational Guidelines as a framework for his decision-making, the ALJ determined that plaintiff remained capable of performing unskilled sedentary and light occupations that existed in significant numbers in the national economy. (*Id.*) The ALJ therefore found that plaintiff was not disabled. (AR 20-21.)

## SOLE ISSUE IN DISPUTE

The sole issue in dispute in this case is whether, in determining plaintiff's RFC, the ALJ made a proper adverse credibility determination with respect to plaintiff's subjective pain testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846

(9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight." *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986). Under the "*Cotton* standard," where the claimant has produced objective medical evidence of an impairment which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. *See Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986); *see also Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991). "General findings are insufficient; rather the ALJ must identify must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (internal quotation marks and citations omitted).

As a preliminary matter, the Court notes that, while the ALJ acknowledged that the consideration of a claimant's symptoms involves a two-step process and recited the two steps (*see* AR 18), he never actually made an explicit finding with respect to what he

described as step one (i.e., "whether there is an underlying medically determinable physical or mental impairment(s). . . that could reasonably be expected to produce the claimant's pain or other symptoms"). However, plaintiff has not specifically raised this error by the ALJ, which may have just been an oversight, but rather is challenging the sufficiency of the reasons specified by the ALJ in support of his adverse credibility determination. (*See* ECF No. 17-1 at 4-10.) Since, as discussed hereafter, the Court disagrees with plaintiff that the reasons cited by the ALJ in support of his adverse credibility determination are "woefully insufficient," the Court will deem the ALJ's technical step one error harmless. *See Stout v. Commissioner of Social Security*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error is harmless when the error is inconsequential to the ultimate non-disability determination); *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir.1991) (harmless error rules applies to review of administrative decisions regarding disability).

One of the reasons cited by the ALJ in support of his adverse credibility determination was that plaintiff's reported daily activities including part-time work activity and schooling throughout the period at issue rendered her allegations of disabling symptoms and limitations not fully consistent with the record. (*See* AR 19.)

The Ninth Circuit has noted that there are "two grounds for using daily activities to form the basis of an adverse credibility determination": Evidence of the daily activities either (1) contradicts the claimant's other testimony, or (2) meets the threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, while it appears that the ALJ was specifically invoking the first ground, plaintiff's ability to work part-time as a tax preparer for 20 hours per week while she was a college student actually implicated both grounds. The Court therefore finds that this reason constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *Berry v. Astrue*, 622 F.3d 1228, 1234-35 (9th Cir. 2010) (evidence that

claimant's self-reported activities suggested a higher degree of functionality than reflected in subjective symptom testimony adequately supported adverse credibility determination); *Valentine v. Commissioner Social Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009) (evidence that claimant exercised and undertook projects suggested that claimant's later claims about the severity of his limitations were exaggerated); *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh consistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.").

Moreover, the Court concurs with the Commissioner that the part time nature of plaintiff's employment appears largely due to the fact that she was a college student for the majority of this period. Plaintiff testified that she had been in college since 2012 and remained there until a couple of weeks prior to the administrative hearing (i.e., for more than six years after she allegedly became disabled). (*See* AR 31). Plaintiff's levels of employment and education were entirely contrary to a claim of disability. See *Matthews v. Shalala*, 10 F.3d 678, 679-80 (9th Cir. 1993) (ALJ provided "specific findings" for rejecting "claimant's subjective allegation of pain" when he noted that she was attending school three days a week, "an activity which is inconsistent with an alleged inability to perform all work").

The other reason cited by the ALJ in support of his adverse credibility determination was that "the severity of pain alleged from [plaintiff] is disproportionate to the objective evidence." (AR 19.) The ALJ specifically noted in this regard that "[t]he examinations of record within the period at issue revealed no significant findings related to neurological involvement, muscle wasting, or muscle atrophy normally associated with pain and inactivity" and that "the objective records consistently noted a steady/normal gait with no secondary issues supportive of functional limitations beyond a wide range of light work due to the combined effects of mild chronic kidney disease, obesity, and intermittent complaints of headaches, abdominal pain, and low back pain of unknown etiologies." (*See id.*)

6

17-cv-01923-LAB (RNB)

Plaintiff does not dispute that her subjective pain testimony was not supported by the objective medical evidence of record, but rather contends that this second reason was legally insufficient because an adverse credibility determination may not be based on the alleged lack of support in the objective medical evidence. (*See* ECF No. 17-1 at 5-6.) Here, however, lack of objective medical support was not the sole basis for the ALJ's adverse credibility determination, but just one of the reasons. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The Court therefore finds that the ALJ's second stated reason also constituted a legally sufficient reason on which the ALJ could properly rely in support of his adverse credibility determination. *See, e.g., Molina*, 674 F.3d at 1113 (ALJ properly rejected claimant's testimony in part because it was inconsistent with medical evidence in the record); *Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) (ALJ properly considered conflict between claimant's testimony about knee pain and specific evidence in the record); *Morgan v. Comm'r of Soc. Sec.*, 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); *Tidwell v. Apfel*, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support for the claimant's subjective complaints); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that the Commissioner's cross-motion for summary judgment be **GRANTED**, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

Any party having objections to the Court's proposed findings and recommendations shall serve and file specific written objections within 14 days after being served with a copy of this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2). The objections should be captioned "Objections to Report and Recommendation." A party may respond to the other party's objections within 14 days after being served with a copy of the objections. *See* Fed. R. Civ. P. 72(b)(2). *See id.*

IT IS SO ORDERED.

Dated: June 5, 2018

ROBERT N. BLOCK
United States Magistrate Judge